

Michelle C. Streifthau-Livizos
Phone:  (302) 421-6819
Fax:  (302) 421-6813
michelle.streifthau-livizos@saul.com
www.saul.com

August 16, 2024

**VIA CM/ECF**

The Honorable Mitchell S. Goldberg
United States District Court for the Eastern District of Pennsylvania
17614 U.S. Courthouse
601 Market Street
Philadelphia, PA

    Re:   *AbbVie Inc. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*
             C.A. No. 20-968-MSG (D. Del.)

Dear Judge Goldberg:

    I write on behalf of all parties in the above-referenced matter regarding the parties' joint efforts to simplify this matter (D.I. 238).

    The parties have met and conferred, and propose the following to the Court:

- <u>Round 1 Narrowing</u>:

    1. Within two weeks after the close of fact discovery, Plaintiffs shall narrow the number of asserted claims to no more than 35 total claims from the '942, '087, '128, and '599 patents against each Defendant.

    2. Within two weeks following Plaintiffs' identification of the narrowed claims in Round 1, Defendants shall narrow to no more than five (5) invalidity grounds per asserted claim.

    In the interest of clarity, an invalidity ground includes: (1) a single, specifically identified reference that anticipates a claim under 35 U.S.C. §102; (2) a single, specifically identified reference that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting; (3) a combination of references that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting based on specifically identified combinations of references; (4) a defense that a claim is invalid under 35 U.S.C. § 112; and/or (5) a defense that a claim is

August 16, 2024
Page 2

invalid under 35 U.S.C. § 101. For example, the obviousness combination "a and b" counts as one ground; the obviousness combination "a, b, and c" counts as one ground; the obviousness combination "a, b, c, and d" counts as one ground; the obviousness combination "a and b or c" counts as two grounds; and the obviousness combination "a or b and c or d" counts as four grounds. Moreover, any invalidity arguments under 35 U.S.C. §112 for lack of enablement, lack of written description, or indefiniteness count as a one invalidity ground against that claim (i.e., if Defendants assert a claim is invalid for lack of enablement and lack of written description, that counts as one invalidity ground). Notwithstanding the foregoing, references Defendants use to demonstrate the scope and content of the prior art, background art that a person of ordinary skill would have been aware of, the skill level or knowledge of a person of ordinary skill in the art, to address alleged objective indicia of non-obviousness, or for other context surrounding obviousness that is commonly introduced in a patent trial, are not separate invalidity grounds and do not count against the above limit.

- <u>Round 2 Narrowing</u>:

    1. Within two weeks after the close of expert discovery, Plaintiffs shall narrow the number of asserted claims to (i) no more than 12 total claims from the '942, '087, '128, and '599 patents against each Defendant.

    2. Within two weeks following Plaintiffs' identification of the narrowed claims in Round 2, Defendants shall narrow to no more than three (3) invalidity grounds per asserted claim.

The parties respectfully request that the Court enter the enclosed proposed amended schedule, attached hereto as Exhibit 1, that has been adapted from the proposed amended schedule filed on May 31, 2024 (D.I. 238), and granted on June 7, 2024 (D.I. 239).

Counsel are available at the Court's convenience.

Respectfully,

*/s/ Michelle C. Streifthau-Livizos*

Michelle C. Streifthau-Livizos (#6584)

Enclosure (Proposed Stipulation)

cc. All counsel of record via CM/ECF