# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBVIE INC. *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 20-968 (MSG) |
| DR. REDDY'S LABORATORIES, LTD., *et al.*, | ) |
| | ) |
| | ) **CONSOLIDATED** |
| Defendants. | ) |
| | ) |

## STIPULATION AND [PROPOSED] AMENDED SCHEDULING ORDER

WHEREAS, following a Status Conference on May 16, 2024, the Court ordered the parties to jointly file a proposed scheduling order for the Court's consideration (D.I. 238);

WHEREAS, the parties have met and conferred regarding a proposal to limit the upcoming *Daubert* motions as part of their proposed scheduling order (D.I. 238);

WHEREAS, the Court granted the parties' proposed scheduling order on June 7, 2024 (D.I. 239);

WHEREAS, the parties agreed in a joint letter to the Court to continue discussing other ways to simplify the case beyond the ordered limits on *Daubert* motions (D.I. 238);

WHEREAS, the parties proposed submitting a joint status update regarding these simplification efforts to the Court on or by August 2, 2024 (D.I. 238);

WHEREAS, the Court granted the parties' stipulation to extend the deadline for submitting a joint status update regarding these simplification efforts to the Court on or by August 9, 2024 (D.I. 247);

1

WHEREAS, the Court granted the parties' stipulation to extend the deadline for submitting a joint status update regarding these simplification efforts to the Court on or by August 16, 2024 (D.I. 251);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their undersigned counsel and subject to the approval of the Court, that the Scheduling Order (D.I. 239) is modified as follows:

| Event | Proposed Date |
|---|---|
| Plaintiffs narrow the number of asserted claims to no more than 35 total claims from the '942, '087, '128, and '599 patents against each Defendant | Two (2) weeks from the close of fact discovery. |
| Defendants narrow to no more than five (5) invalidity grounds[1] per asserted claim. | Two (2) weeks from Plaintiffs' identification of the narrowed claims. |
| Plaintiffs shall narrow the number of asserted claims to (i) no more than 12 total claims from the '942, '087, '128, and '599 patents against each Defendant. | Two (2) weeks from the close of expert discovery. |
| Defendants shall narrow to no more than three (3) invalidity grounds per asserted claim. | Two (2) weeks from Plaintiffs' second identification of narrowed claims. |

---

[1] In the interest of clarity, an invalidity ground includes: (1) a single, specifically identified reference that anticipates a claim under 35 U.S.C. §102; (2) a single, specifically identified reference that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting; (3) a combination of references that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting based on specifically identified combinations of references; (4) a defense that a claim is invalid under 35 U.S.C. § 112; and/or (5) a defense that a claim is invalid under 35 U.S.C. § 101. For example, the obviousness combination "a and b" counts as one ground; the obviousness combination "a, b, and c" counts as one ground; the obviousness combination "a, b, c, and d" counts as one ground; the obviousness combination "a and b or c" counts as two grounds; and the obviousness combination "a or b and c or d" counts as four grounds. Moreover, any invalidity arguments under 35 U.S.C. §112 for lack of enablement, lack of written description, or indefiniteness count as a one invalidity ground against that claim (i.e., if Defendants assert a claim is invalid for lack of enablement and lack of written description, that counts as one invalidity ground). Notwithstanding the foregoing, references Defendants use to demonstrate the scope and content of the prior art, background art that a person of ordinary skill would have been aware of, the skill level or knowledge of a person of ordinary skill in the art, to address alleged objective indicia of non-obviousness, or for other context surrounding obviousness that is commonly introduced in a patent trial, are not separate invalidity grounds and do not count against the above limit.

The undersigned counsel hereby certify that they provided a copy of this request to their clients in compliance with District of Delaware Local Rule 16.4(b).

Dated: August 16, 2024

| SAUL EWING LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Michelle C. Streifthau-Livizos* <br> James D. Taylor, Jr. (No. 4009) <br> Jessica M. Jones (No. 6246) <br> Michelle C. Streifthau-Livizos (#6584) <br> 1201 N. Market Street, Suite 2300 <br> Wilmington, Delaware 19899 <br> (302) 421-6800 <br> james.taylor@saul.com <br> jessica.jones@saul.com <br> michelle.strefthau-livizos@saul.com <br><br> *Attorneys for Plaintiffs AbbVie Inc. and Genentech, Inc.* | */s/ Samantha G. Wilson* <br> Anne Shea Gaza (No. 4093) <br> Samantha G. Wilson (No. 5816) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> agaza@ycst.com <br> swilson@ycst.com <br><br> *Attorneys for Defendants Alembic Pharmaceuticals Ltd., Alembic Pharmaceuticals, Inc., and Alembic Global Holding SA* <br><br> SMITH, KATZENSTEIN & JENKINS LLP <br><br> */s/ Daniel A. Taylor* <br> Neal C. Belgam (No. 2721) <br> Daniel A. Taylor (No. 6934) <br> 1000 West Street, Suite 1501 <br> Wilmington, DE 19801 <br> (302) 652-8400 <br> nbelgam@skjlaw.com <br> dtaylor@skjlaw.com <br><br> *Attorneys for Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.* |

**IT IS SO ORDERED** this \_\_ day of August, 2024.

_____
UNITED STATES DISTRICT JUDGE