IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBVIE INC. *et al.*,<br><br>   Plaintiffs,<br>v.<br><br>DR. REDDY'S LABORATORIES, LTD. *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 20-968 (MSG)<br><br>**CONSOLIDATED** |

**STIPULATION AND AMENDED SCHEDULING ORDER**

**WHEREAS**, following a Status Conference on September 12, 2024, the Court ordered the parties to jointly file a proposed scheduling order for the Court's consideration (D.I. 263);

**WHEREAS**, the parties have met and conferred regarding a proposal to limit the number of asserted claims and invalidity grounds at issue in this action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, through their undersigned counsel and subject to the approval of the Court, that the Scheduling Order (D.I. 239) is modified as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Plaintiffs narrow the number of asserted claims to no more than 35 total claims from the '942, '087, '128, and '599 patents against each Defendant | N/A | October 24, 2024 |

1

| Event | Current Date | Proposed Date |
|---|---|---|
| Defendant narrows to no more than five (5) invalidity grounds.[1] per asserted claim. | N/A | October 31, 2024 |
| Opening expert reports (burden of proof reports, not including objective indicia of nonobviousness) for All Asserted Patents | November 8, 2024 | November 15, 2024 |
| Rebuttal reports plus objective indicia of non-obviousness for All Asserted Patents | January 17, 2025 | January 24, 2025 |
| Reply reports plus rebuttal on objective indicia of non-obviousness for All Asserted Patents | February 28, 2025 | March 7, 2025 |
| Sur-reply reports on objective indicia of non-obviousness for All Asserted Patents | March 28, 2025 | April 4, 2025 |
| Close of expert discovery for All Asserted Patents | May 30, 2025 | May 30, 2025 |

---

[1] In the interest of clarity, an invalidity ground includes: (1) a single, specifically identified reference that anticipates a claim under 35 U.S.C. §102; (2) a single, specifically identified reference that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting; (3) a combination of references that renders a claim obvious under 35 U.S.C. §103 or for obviousness-type double patenting based on specifically identified combinations of references; (4) a defense that a claim is invalid under 35 U.S.C. § 112; and/or (5) a defense that a claim is invalid under 35 U.S.C. § 101. For example, the obviousness combination "a and b" counts as one ground; the obviousness combination "a, b, and c" counts as one ground; the obviousness combination "a, b, c, and d" counts as one ground; the obviousness combination "a and b or c" counts as two grounds; and the obviousness combination "a or b and c or d" counts as four grounds. Moreover, any invalidity arguments under 35 U.S.C. §112 for lack of enablement, lack of written description, or indefiniteness count as a one invalidity ground against that claim (i.e., if Defendant asserts a claim is invalid for lack of enablement and lack of written description, that counts as one invalidity ground). Notwithstanding the foregoing, references Defendant uses to demonstrate the scope and content of the prior art, background art that a person of ordinary skill would have been aware of, the skill level or knowledge of a person of ordinary skill in the art, to address alleged objective indicia of non-obviousness, or for other context surrounding obviousness that is commonly introduced in a patent trial, are not separate invalidity grounds and do not count against the above limit.

| Event | Current Date | Proposed Date |
|---|---|---|
| Plaintiffs shall narrow the number of asserted claims to (i) no more than 12 total claims from the '942, '087, '128, and '599 patents against each Defendant. | N/A | Two (2) weeks from the close of expert discovery. |
| Defendant shall narrow to no more than three (3) invalidity grounds per asserted claim. | N/A | Two (2) weeks from Plaintiffs' second identification of narrowed claims. |
| Plaintiffs shall narrow the number of asserted claims to no more than eight (8) total claims from the '942, '087, '128, and '599 patents against each Defendant. | N/A | July 11, 2025 if no Daubert motions concerning infringement or invalidity opinions are filed. <br><br> If such motions are filed, then two (2) weeks after the decisions on such motions |
| Defendant shall narrow to no more than two (2) invalidity grounds per asserted claim | N/A | Two (2) weeks after Plaintiffs' third identification of narrowed claims. |
| Final Pre-trial order due | N/A | August 19, 2025 |
| Final Pre-trial conference | N/A | September 9, 2025 |
| Trial | N/A | October 6, 2025 (five-day trial) |

Dated: October, 2024

SAUL EWING LLP

*/s/ Michelle C. Streifthau-Livizos*
James D. Taylor, Jr. (No. 4009)
Jessica M. Jones (No. 6246)
Michelle C. Streifthau-Livizos (#6584)
1201 N. Market Street, Suite 2300
Wilmington, Delaware 19899
(302) 421-6800
james.taylor@saul.com
jessica.jones@saul.com
michelle.strefthau-livizos@saul.com

*Attorneys for Plaintiffs AbbVie Inc. and Genentech, Inc.*

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Attorneys for Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

**IT IS SO ORDERED** this 28th day of October, 2024.

*/s/ Mitchell S. Goldberg*
HONORABLE MITCHELL S. GOLDBERG
UNITED STATES DISTRICT JUDGE